■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL SEABROOKS, Appellant. [664 NYS2d 105] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered November 13, 1995, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that reversible error took place because the People's opening statement and a police detective's testimony improperly communicated to the jury that a witness, who was not produced, observed the shooting and identified the defendant in a lineup. This contention is unpreserved for appellate review as the defendant failed to move for a mistrial based on the witness' failure to testify and failed to object to the lineup testimony (*see, People v De Tore,* 34 NY2d 199, 208, *cert denied sub nom. Wendra v New York,* 419 US 1025; *People v Baa,* 189 AD2d 771, 772; *People v Morales,* 113 AD2d 956).

In any event, the witness's failure to testify does not warrant reversal. Where the People fail to produce a witness referred to in opening statements, "the general rule is that, absent bad faith or undue prejudice, a trial will not be undone" (*People v De Tore, supra,* at 207). The People did not act in bad faith in failing to call the witness to the stand since, as stipulated by the defendant, she was unavailable to testify because of a medical condition. Moreover, any prejudice that may have been caused by the witness's failure to testify was cured by the court's prompt instructions prohibiting the jury from speculating as to what her testimony would have been and by the court's instruction, during preliminary instructions and in the

jury charge, that the statements of counsel were not to be considered as evidence (*see, People v Berg,* 59 NY2d 294, 299; *People v De Tore, supra,* at 207-208; *People v Torres,* 141 AD2d 682, 683). Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.