■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER THOMPSON, Appellant. [716 NYS2d 397] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered June 2, 1998, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that his Sixth Amendment right to confrontation was violated by references, in the prosecutor's opening statement and a police detective's testimony, to an accomplice who was not produced at trial. However, this contention is unpreserved for appellate review since the defendant did not move for a mistrial and did not object to the detective's testimony (*see,* CPL 470.05 [2]; *People v Fleming,* 70 NY2d 947, 948; *People v Seabrooks,* 244 AD2d 514; *People v Rizzo,* 175 AD2d 221).

In any event, the fact that the accomplice did not testify does not require a new trial. When the People fail to produce a witness referred to in opening statements, "the general rule is that, absent bad faith or undue prejudice, a trial will not be undone" (*People v De Tore,* 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York,* 419 US 1025). The defendant concedes that the prosecutor did not act in bad faith, and in light of the overwhelming evidence against the defendant, there is no significant probability that the jury would have acquitted him had it not heard the references to this witness. Therefore, the defendant was not unduly prejudiced (*see, People v Rizzo, supra,* 222; *see also, People v Williams,* 222 AD2d 721). Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.