■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRITZ PIERRE, Appellant. [828 NYS2d 121]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered May 18, 2004, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was deprived of a fair trial because the witnesses to whom the prosecutor referred in her opening statement did not testify is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Seabrooks,* 244 AD2d 514 [1997]). In any event, the claim is without merit. When the prosecution fails to produce a witness referred to in opening statements, "the general rule is that, absent bad faith or undue prejudice, a trial will not be undone" (*People v Wedra,* 34 NY2d 199, 207; *see People v Thompson,* 276 AD2d 811 [2000]). Here, there is no evidence that the prosecution acted in bad faith in failing to produce the witnesses and, in light of the overwhelming evidence against the defendant, there is no significant probability that the jury would have acquitted him had it not heard the references to these witnesses. Therefore, the defendant was not unduly prejudiced (*see People v Thompson, supra* at 811).

Furthermore, contrary to the defendant's contention, the Supreme Court did not err in failing to give an "accomplice-in-fact" charge, as there is no evidence from which the jury could reasonably infer that the witness in question was an accomplice (*see People v Jones,* 73 NY2d 902, 903 [1989]; *People v Lopez,*

262 AD2d 659, 660 [1999]). Florio, J.P., Mastro, Spolzino and Skelos, JJ., concur.