■ The People of the State of New York, Respondent, v Garnell Thompson, Appellant. [863 NYS2d 824]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered November 15, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent that the defendant contends that the verdict was legally insufficient because the testimony of two police detectives was incredible as a matter of law (see People v Gruttola, 43 NY2d 116, 122 [1977]), that contention is unpreserved for appellate review as it was not raised before the Supreme Court (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant contends that he was denied his due process right to a fair trial, specifically, that he was prevented from presenting a defense, by the prosecution's delayed disclosure of Brady material (see Brady v Maryland, 373 US 83 [1963]) indicating that someone other than the defendant killed the victim. To warrant reversal based on a prosecutor's failure to disclose Brady material that was specifically requested by a defendant, it must be shown that there is a reasonable possibility that the failure to disclose the exculpatory material contributed to the verdict (see People v Vilardi, 76 NY2d 67, 77 [1990]). Here, there was testimony regarding threats made by the defendant to the victim, eyewitness testimony placing the defendant at the scene of the shooting, and corroboration of the clothing

the defendant was wearing on the day of the shooting. Accordingly, there was no reasonable possibility that had the *Brady* material been disclosed to the defense, the result would have been different. To the extent that the defendant asserted that the *Brady* material could have been used to attack the thoroughness of the prosecution's case, that contention was not raised before the trial court and, thus, it is unpreserved for appellate review.

The defendant's contention that the court unduly interfered with the proceedings is without merit. The court's minimal questioning of a prosecution witness did not deprive the defendant of his right to a fair trial (*cf. People v Yut Wai Tom,* 53 NY2d 44, 58 [1981]; *People v Mees,* 47 NY2d 997 [1979] [trial judge in both cases asked more than 1,300 questions]).

To the extent that the court's questioning elicited hearsay testimony, any error was harmless as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his conviction (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

The defendant contends that the prosecutor knowingly presented false testimony through three witnesses and made summation arguments based upon this evidence. These contentions are unpreserved for appellate review and, in any event, without merit.

The defendant's remaining contentions that he was denied due process through the trial court's failure to dismiss the intentional murder count against him after dismissing the weapons-related charges, that he was denied a fair trial by the prosecutor's introduction of hearsay testimony, and that the prosecution committed a *Brady* violation by not informing him, prior to the *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]), that one of its witnesses provided inaccurate information, are unpreserved as they were not raised before the Supreme Court (*see* CPL 470.05 [2]) and, in any event, without merit. Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.