THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDE BYRON, Appellant. [891 NYS2d 110]—

The defendant failed to preserve for appellate review his chal-

lenges to a witness's testimony indicating that the witness feared the defendant and his contention that the trial court's curative instructions regarding the limited purpose of testimony from such witness regarding "alleged drug dealings" improperly referenced his character (*see* CPL 470.05 [2]; *People v Wright*, 62 AD3d 916 [2009]; *People v Billups*, 41 AD3d 492 [2007]). In any event, his contentions are without merit. The witness's statements were relevant as background material to explain why the witness did not initially speak with the police (*see People v Rock*, 65 AD3d 558 [2009]), and the challenged curative instruction did not improperly reference the defendant's character (*see People v Potter*, 30 AD3d 313 [2006]).

The defendant also failed to preserve for appellate review his contentions that a statement by a witness that the victim had told the witness that the defendant and two others had shown the victim a pistol was inadmissible hearsay and that the cumulative effect of various alleged errors improperly portrayed him as possessing a criminal propensity (*see* CPL 470.05 [2]; *People v Billups*, 41 AD3d 492 [2007]). In any event, any errors were harmless as there was overwhelming evidence of the defendant's guilt and no significant probability that the alleged errors contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Thompson*, 54 AD3d 975 [2008]).

The defendants' arguments, raised in his supplemental pro se brief, that he was deprived of a fair trial and that his Sixth Amendment right to confrontation was violated by references in the prosecutor's opening statement and during a police detective's testimony to a witness who was not produced at trial, are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Pierre*, 35 AD3d 893 [2006]; *People v Thompson*, 276 AD2d 811 [2000]; *People v Seabrooks*, 244 AD2d 514 [1997]). In any event, the references do not require reversal. When the prosecution fails to produce a witness referred to in an opening statement, "the general rule is that, absent bad faith or undue prejudice, a trial will not be undone" (*People v De Tore*, 34 NY2d 199, 207 [1974], *cert denied sub nom. Wedra v New York*, 419 US 1025 [1974]; *see People v Pierre*, 35 AD3d at 893). Here, there is no evidence that the prosecution acted in bad faith in failing to produce the witness and, under the circumstances, the defendant was not unduly prejudiced (*see People v Pierre*, 35 AD3d at 893; *People v Thompson*, 276 AD2d at 811; *People v Seabrooks*, 244 AD2d at 514). Mastro, J.P., Belen, Hall and Austin, JJ., concur.