THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULYSESS MCKNIGHT, Appellant. [898 NYS2d 462]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered January 2, 2007, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was deprived of a fair trial because the witnesses to whom the prosecutor referred in his opening statement did not testify is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Seabrooks*, 244 AD2d 514 [1997]). In any event, when the prosecution fails to present witnesses they referred to in opening statements, "the general rule is that, absent bad faith or undue prejudice, a trial will not be undone" (*People v De Tore*, 34 NY2d 199, 207 [1974], *cert denied*

*sub nom. Wedra v New York*, 419 US 1025 [1974]; *see People v Pierre*, 35 AD3d 893 [2006]). Here, there is no evidence that the prosecution acted in bad faith in failing to produce the witnesses and, under the circumstances of this case, the defendant was not unduly prejudiced.

The defendant's contentions that he was deprived of a fair trial by the introduction of evidence that he was wearing a bulletproof vest at the time of his arrest, and that the prosecutor improperly commented on this evidence during summation, also are unpreserved for appellate review (*see People v Jones*, 9 AD3d 374 [2004]; *People v Scotti*, 220 AD2d 543 [1995]). In any event, these contentions are without merit (*see People v Barrier*, 298 AD2d 138, 139 [2002]).

The defendant's contention that it was illegal to impose consecutive sentences is without merit (*see People v Bonilla*, 57 AD3d 400, 401 [2008]; *see generally People v Brathwaite*, 63 NY2d 839, 843 [1984]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85 [1982]). Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.