THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTON BRAMBLE, Appellant. [917 NYS2d 297]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 29, 2009, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court erroneously admitted, at trial, evidence of his change in hairstyle is unpreserved for appellate review (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, the Supreme Court providently exercised its discretion in admitting this evidence as proof that the defendant was conscious of his own guilt (*see People v Reade*, 13 NY2d 42, 46 [1963]; *People v Torres*, 179 AD2d 696, 696-697 [1992]).

Contrary to the defendant's contention, there was a sufficient factual predicate to support a jury instruction on consciousness of guilt (*see People v Robinson*, 10 AD3d 696 [2004]). The defendant's contention that the Supreme Court erred in the actual wording of the jury instruction is unpreserved for appellate review (*see People v Wady*, 220 AD2d 631 [1995]) and, in any event, is without merit (*see People v Solimini*, 69 AD3d 657, 658 [2010]).

The defendant's contention that he was deprived of a fair trial by the prosecutor's reference to a nontestifying witness in his opening statement is similarly unpreserved for appellate review (*see People v Seabrooks*, 244 AD2d 514 [1997]). In any event, while the People failed to present witnesses to whom they referred in their opening statement, "the general rule is that, absent bad faith or undue prejudice, a trial will not be undone" (*People v De Tore*, 34 NY2d 199, 207 [1974], *cert denied* 419 US 1025 [1974]; *see People v Pierre*, 35 AD3d 893 [2006]).

Here, any prejudice to the defendant was averted by the Supreme Court's curative instructions to the jury (*see People v Donnelly*, 89 AD2d 872, 873 [1982]).

The defendant's contention that he was deprived of his Sixth Amendment right to confront witnesses by the testimony of a detective, referring to a missing witness, is also unpreserved for appellate review (*see People v Walker*, 70 AD3d 870, 871 [2010]). In any event, the People never attempted to introduce any out-of-court statement made by the missing witness for its truth (*see generally People v Huertas*, 75 NY2d 487, 491-492 [1990]). Thus, the People violated neither the hearsay rule nor the defendant's Sixth Amendment right to confront witnesses (*cf. People v Blake*, 242 AD2d 728 [1997]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions are without merit. Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur.