■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY HERB, Appellant. [972 NYS2d 668]—

Appeal by the defendant from a judgment of Supreme Court, Kings County (Chun, J.), rendered August 17, 2011, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the conviction of manslaughter in the first degree was not supported by legally sufficient evidence (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove his guilt of that crime beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to the defendant's contention, the testimony given by the two main prosecution witnesses afforded a credible foundation upon which the jury could find the defendant guilty of manslaughter in the first degree. One witness testified that he observed the codefendant hand a gun to the defendant on Flatbush Avenue, and about an hour later, observed the defendant, the codefendant, and a third man walking together on Flatbush Avenue and turning onto Midwood Street. Less than a minute later, the witness heard a gunshot. The second witness observed the defendant and two men walking on Midwood Street, where they confronted and argued with the victim and his two friends. From about 12 to 15 feet away, the second witness observed the defendant pull out a gun from the back of his belt or pants. The witness turned and ran, hearing shots fired "the minute [he] turned [his] back." Both prosecution witnesses had sufficient opportunity to observe the defendant at the time of their respective observations and, thus, their identifications of the defendant from a lineup and in court were reliable. Upon reviewing the record as a whole, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant contends that admission of an autopsy report prepared by Dr. Julia De La Garza through the testimony of another physician employed by the medical examiner's office violated his right of confrontation, as secured to him under the Sixth Amendment to the United States Constitution. This contention is without merit, since the defendant was afforded full cross-examination of the testifying expert witness. The defendant further contends that De La Garza's opinion concerning the cause and manner of the decedent's death constituted

testimonial evidence and, thus, admission of the unredacted report into evidence deprived him of his right to confront a witness against him. However, at trial, the defendant did not object to the admission of the autopsy report on this ground and, thus, his contention is not preserved for appellate review (*see* CPL 470.05 [2]). In any event, even if the report could be deemed to include testimonial evidence (*see People v Pealer*, 20 NY3d 447, 453-454 [2013]; *cf. People v Freycinet*, 11 NY3d 38, 42 [2008]), we are satisfied that the evidence of the defendant's guilt, without reference to any error in its admission, was overwhelming, and there is no reasonable possibility that the error contributed to the defendant's conviction. Thus, any error in its admission was harmless beyond a reasonable doubt (*see People v Hardy*, 4 NY3d 192, 198 [2005]; *People v Crimmins*, 36 NY2d 230, 237 [1975]).

The defendant's contention that certain of the prosecutor's comments during summation deprived him of a fair trial is unpreserved for appellate review because he did not object to the challenged comments (*see* CPL 470.05 [2]; *People v Alexander*, 100 AD3d 649, 650 [2012]; *People v West*, 86 AD3d 583, 584 [2011]). In any event, the comments by the prosecutor constituted fair comment on the evidence (*see People v Gouveia*, 88 AD3d 814 [2011]; *People v Ashwal*, 39 NY2d 105 [1976]), were responsive to arguments and theories presented in the defense's summation (*see People v Gouveia*, 88 AD3d at 814; *People v Galloway*, 54 NY2d 396 [1981]; *People v Crawford*, 54 AD3d 961 [2008]), were permissible rhetorical comment (*see People v Ashwal*, 39 NY2d at 109-110; *People v Whitehurst*, 70 AD3d 1057, 1058 [2010]; *People v Williams*, 52 AD3d 851, 851 [2008]), or constituted harmless error (*see People v Crimmins*, 36 NY2d at 241-242; *People v Hill*, 286 AD2d 777, 778 [2001]). Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.