Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered May 10, 2007, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
A witness’s out-of-court statements may be admitted as part of the People’s direct case where the People “demonstrate by clear and convincing evidence that the defendant, by violence, threats or chicanery, caused [the] witness’s unavailability” (People v Cotto, 92 NY2d 68, 75-76 [1998]; see People v Leggett, 107 AD3d 741, 741-742 [2013]). “Recognizing the surreptitious nature of witness tampering and that a defendant engaging in *880 such conduct will rarely do so openly, resorting instead to subterfuge, the court can rely on and the prosecution can use circumstantial evidence in making the requisite determination” (People v Encarnacion, 87 AD3d 81, 87 [2011]; see People v Leggett, 107 AD3d at 742). Contrary to the defendant’s contention, the Supreme Court correctly admitted the grand jury testimony of an unavailable witness. The People established, by clear and convincing evidence, that the witness had been rendered unavailable due to threats made at the defendant’s initiative or acquiescence (see People v Geraci, 85 NY2d 359, 370 [1995]; People v Tatum, 35 AD3d 511 [2006]).
Further, the Supreme Court providently exercised its discretion in denying the defendant’s motion to reopen the suppression hearing, since the defendant failed to show that the alleged new facts proffered by him would have affected the court’s ultimate determination of the issue of probable cause (see CPL 710.40 [4]; People v Jackson, 97 AD3d 693, 694 [2012]).
The defendant’s challenges to certain remarks made by the prosecutor during summation are unpreserved for appellate review, as the defendant “ ‘failed to object to the challenged remarks, registered one-word general objections, or, when an objection was sustained, failed to request further instructions or [timely] move for a mistrial’ ” (People v Mullings, 83 AD3d 871, 872 [2011], quoting People v Gill, 54 AD3d 965, 966 [2008]; see CPL 470.05 [2]). In any event, the challenged remarks either constituted fair comment on the evidence (see People v Herb, 110 AD3d 829, 831 [2013]; People v Ashwal, 39 NY2d 105 [1976]), were responsive to arguments and theories presented in the defense’s summation (see People v Herb, 110 AD3d at 831; People v Galloway, 54 NY2d 396 [1981]), were permissible rhetorical comment (see People v Ashwal, 39 NY2d at 109-110), or constituted harmless error (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Contrary to the defendant’s contention, the Supreme Court did not deprive him of his Sixth Amendment right to represent himself. The defendant’s initial request to proceed pro se was not unequivocal but was made in the context of expressing dissatisfaction with assigned counsel, and thus, “did not ‘reflect an affirmative desire for self-representation’ ” (People v Jackson, 97 AD3d at 694, quoting Matter of Kathleen K. [Steven K.], 17 NY3d 380, 387 [2011]; People v Scivolette, 40 AD3d 887, 887-888 [2007]).
The defendant was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]).
*881 The defendant’s remaining contentions are without merit. Rivera, J.E, Lott, Miller and Hinds-Radix, JJ., concur.