Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered November 18, 2010, convicting him of assault in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of five years, plus a period of postrelease supervision of three years.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of five years, plus a period of postrelease supervision of three years, to a determinate term of imprisonment of three years, plus a period of postrelease supervision of three years; as so modified, the judgment is affirmed.
The defendant’s contention that the evidence of identification was legally insufficient to support his conviction is unpreserved for appellate review (see CEL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s identity beyond a reasonable doubt (see Jackson v Virginia, 443 US 307 [1979]; People v Viera, 109 AD3d 844, 845 [2013]; People v Morrison, 18 AD3d 887 [2005]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CEL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon *749 reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, the comments by the prosecutor during his summation constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105 [1976]; People v Geddes, 258 AD2d 679, 681 [1999]), were responsive to arguments and theories presented in the defense’s summation (see People v Galloway, 54 NY2d 396 [1981]; People v Herb, 110 AD3d 829 [2013]), or were permissible rhetorical comment (see People v Ashwal, 39 NY2d at 109-110; People v Herb, 110 AD3d at 829).
Given the nature of the street encounter that led to the assault in this case, the 34-year-old defendant’s lack of any prior criminal history, his gainful employment, and other factors favoring a sentence reduction, the sentence imposed was excessive to the extent indicated.
Mastro, J.E, Chambers, Lott and Duffy, JJ., concur.