People v Carmichael (2019 NY Slip Op 01612)





People v Carmichael


2019 NY Slip Op 01612


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-00227
 (Ind. No. 1390/16)

[*1]The People of the State of New York, respondent,
v
Darkel Carmichael, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson and Kendra L. Hutchinson of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Ayelet Sela of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John La Tella, J.), rendered December 15, 2016, convicting him of criminal contempt in the first degree (two counts), criminal contempt in the second degree (two counts), attempted assault in the third degree, endangering the welfare of a child (four counts), aggravated harassment in the second degree, and stalking in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
During the prosecution's opening statement, the prosecutor referenced certain recorded telephone calls she intended to introduce, but during the trial, the prosecutor was unable to lay a foundation for the admission of those telephone calls into evidence. The defendant's contention that these comments deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]). In any event, "absent bad faith or undue prejudice," unfulfilled promises in a prosecutor's opening statement will not entitle a defendant to a new trial (People v De Tore, 34 NY2d 199, 207; see People v Bramble, 81 AD3d 968, 968-969 People v McEaddy, 41 AD3d 877, 880). Here, there is no reason to believe that the prosecutor acted in bad faith and, under the circumstances of this case, the defendant was not unduly prejudiced by the unfulfilled representations (see People v McKnight, 72 AD3d 846, 846-847, affd 16 NY3d 43).
The defendant's contention that he was deprived of a fair trial because of certain remarks the prosecutor made during summation is, for the most part, unpreserved for appellate review (see CPL 470.05[2]). In any event, most of the challenged comments constituted fair comment on the evidence (see People v Ashwal 39 NY2d 105, 109-110; People v Herb, 110 AD3d 829, 831), were responsive to arguments and theories presented in defense counsel's summation (see [*2]People v Gross 88 AD3d 905, 906), or were permissible rhetorical comment (see People v Ashwal, 39 NY2d at 109-110; People v Herb, 110 AD3d at 831). To the extent that the prosecutor exceeded the bounds of permissible rhetorical comment, the defendant was not deprived of a fair trial (see People v Galloway, 54 NY2d 396, 401). Moreover, the cumulative effect of the alleged errors was harmless (see People v Crimmins, 36 NY2d 230, 241-242).
The defendant's contention regarding the duration of certain final orders of protection entered at the time of sentencing is unpreserved for appellate review, since he did not raise this contention at sentencing or move to amend the final orders of protection (see People v Elgut, 164 AD3d 1360; People v O'Connor, 136 AD3d 945; People v Kumar, 127 AD3d 882, 883). We decline to reach this contention in the exercise of our interest of justice jurisdiction, as the better practice—and best use of judicial resources—is for a defendant seeking adjustment of an order of protection to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary (see People v Nieves, 2 NY3d 310, 317).
The defendant's remaining contention is without merit.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court