People v Duchi (2019 NY Slip Op 07412)





People v Duchi


2019 NY Slip Op 07412


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-06056
 (Ind. No. 16-01074)

[*1]The People of the State of New York, respondent,
v
Juan Sumba Duchi, appellant.


Adam Seiden, Mount Vernon, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Virginia A. Marciano of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara Gunther Zambelli, J.), rendered May 23, 2017, convicting him of attempted rape in the first degree, assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenges to the legal sufficiency of the evidence supporting his convictions of attempted rape in the first degree (see Penal Law § 130.35[1]) and assault in the second degree (see Penal Law § 120.05[2]) are unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of attempted rape in the first degree and assault in the second degree beyond a reasonable doubt. Moreover, upon our independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court improvidently exercised its discretion in admitting evidence that the defendant drugged the complainant's alcoholic drink on the night of the offense is unpreserved for appellate review, because he did not challenge the admission of this evidence at trial (see CPL 470.05[2]). In any event, contrary to the defendant's contention, the challenged evidence did not constitute Molineux evidence (see People v Molineux, 168 NY 264), since it was not a prior bad act or prior uncharged crime, but rather, was "relevant to the very same crime for which the defendant [was] on trial" (People v Frumusa, 29 NY3d 364, 370).
During opening statements, the prosecutor, in describing what she expected the evidence to show, indicated that the defendant, rather than the complainant, ordered the alcoholic drink for the complainant. However, at trial, the complainant testified that "they" ordered the drink. The defendant's contention that the prosecutor's comment during opening statements deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]). In any event, "absent bad [*2]faith or undue prejudice," unfulfilled promises in a prosecutor's opening statement generally will not entitle a defendant to a new trial (People v DeTore, 34 NY2d 199, 207; see People v Carmichael, 170 AD3d 742, 742-743). Here, there is no reason to believe that the prosecutor acted in bad faith and the defendant was not unduly prejudiced by the unfulfilled representation (see People v Carmichael, 170 AD3d at 743; People v McKnight, 72 AD3d 846, 846-847, affd 16 NY3d 43).
The defendant's remaining contentions are without merit.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court