People v Pelaez (2023 NY Slip Op 03710)

People v Pelaez

2023 NY Slip Op 03710

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-00786
 (Ind. No. 290/20)

[*1]The People of the State of New York, respondent,
v
Julio M. Pelaez, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Chris Ann Kelley, J.), rendered December 23, 2021, as amended January 10, 2023, convicting him of course of sexual conduct against a child in the first degree, endangering the welfare of a child, and harassment in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 25 years, to be followed by a period of postrelease supervision of 20 years, on the conviction of course of sexual conduct against a child in the first degree, a definite term of incarceration of 1 year on the conviction of endangering the welfare of a child, and a definite term of incarceration of 90 days on the conviction of harassment in the first degree, with the sentences to run concurrently. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment, as amended, is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of course of sexual conduct against a child in the first degree from a determinate term of imprisonment of 25 years, to be followed by a period of postrelease supervision of 20 years, to a determinate term of imprisonment of 17 years, to be followed by a period of postrelease supervision of 15 years; as so modified, the judgment, as amended, is affirmed.
Following a hearing, the County Court, inter alia, denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. After a jury trial, the defendant was convicted of course of sexual conduct against a child in the first degree, endangering the welfare of a child, and harassment in the first degree.
Contrary to the defendant's contention, the County Court did not err in denying that branch of his omnibus motion which was to suppress his statements to law enforcement officials. The hearing record established that the defendant voluntarily made those statements after he knowingly, intelligently, and voluntarily waived his Miranda rights (see Miranda v Arizona, 384 US 436; People v O'Brien, 186 AD3d 1406).
The County Court also providently exercised its discretion in admitting evidence of the defendant's physical abuse of the complainant and domestic violence perpetrated against the [*2]complainant's mother in front of the complainant. This evidence provided necessary background information as to the relationship between the defendant and the complainant and was relevant to explain why the complainant failed to promptly report the sexual abuse (see People v Gamble, 18 NY3d 386; People v Tebout, 162 AD3d 690; People v Rabanal, 139 AD3d 758). The court properly balanced the probative value of the evidence against the potential prejudice to the defendant (see People v Gamble, 18 NY3d at 398; People v Tebout, 162 AD3d at 691), and gave the appropriate instruction to the jury as to the limited purpose for which the evidence should be considered (see People v Dorm, 12 NY3d 16, 19).
Contrary to the People's contention, the defendant's contention that his convictions were not supported by legally sufficient evidence is preserved for appellate review (see CPL 470.05[2]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Viewing the record as a whole, the defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
"[T]his Court's plenary authority to review sentences is an important responsibility to assure that sentences in given cases are not 'unduly harsh or severe under the circumstances'" (People v Janvier, 186 AD3d 1247, 1250, quoting People v Delgado, 80 NY2d 780, 783). "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (People v Farrar, 52 NY2d 302, 305). Based upon our review of the relevant circumstances presented in this case, we exercise our discretion in the interest of justice and reduce the sentence imposed on the conviction of course of sexual conduct against a child in the first degree to the extent indicated herein.
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER: 
Maria T. Fasulo
Clerk of the Court