People v White (2024 NY Slip Op 03444)

People v White

2024 NY Slip Op 03444

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2018-08335
 (Ind. No. 1170/16)

[*1]The People of the State of New York, respondent,
v Darryl White, appellant.

Patricia Pazner, New York, NY (David Fitzmaurice and Covington & Burling LLP [Harrison A. Newman], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Jaedon J. Huie of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered June 28, 2018, convicting him of robbery in the first degree, tampering with a witness in the third degree, conspiracy in the fifth degree, and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Following a jury trial, the defendant was convicted of robbery in the first degree, tampering with a witness in the third degree, conspiracy in the fifth degree, and criminal contempt in the second degree.
The defendant's contention that the Supreme Court improperly discharged a sworn juror during jury selection without conducting an appropriate inquiry is without merit. The juror informed the court of a medical issue that would have prevented her from being present for several days of trial. When asked by the court if she could reschedule her treatment, the juror stated that she could not do so. Upon receiving this information, the court providently exercised its discretion in discharging the juror prior to empanelment (see CPL 270.15[3]; People v Oyewole, 220 AD2d 624; see also People v Dumervil, 205 AD3d 923, 924).
After conducting a Sirois hearing (see People v Sirois, 92 AD2d 618; Matter of Holtzman v Hellenbrand, 92 AD2d 405), the Supreme Court correctly determined that the previously cooperative complainant had been rendered unavailable due to the misconduct of the defendant and thus, properly permitted the People to introduce at trial the complainant's statements to police and the prosecution, his grand jury testimony, and his identification of the defendant at the police lineup (see People v Cotto, 92 NY2d 68; People v Geraci, 85 NY2d 359; People v Nibbs, 222 AD3d 883, 885; People v Evans, 116 AD3d 879, 880). The People were not obligated to prove, by clear and convincing evidence, that the hearsay statements themselves were reliable (see People v Cotto, 92 NY2d at 77-78; People v Geraci, 85 NY2d at 368). In any event, the hearsay statements were not "so devoid of reliability as to offend due process" (People v Cotto, 92 NY2d at 78; see People v Wilson, 115 AD3d 891, 891).
Contrary to the defendant's contention, the Supreme Court properly permitted the People to introduce into evidence recordings of telephone calls in which the defendant participated while he was incarcerated at Rikers Island Correctional Facility, as the probative value of the recordings outweighed any prejudice to the defendant (see People v Porter, 210 AD3d 1012, 1013; People v Carmona, 185 AD3d 600, 603, mod 37 NY3d 1016). The court's limiting instructions regarding this evidence "adequately minimized any resulting prejudice" (People v Doane, 212 AD3d 875, 881).
The defendant's challenges to various comments made during summation are unpreserved for appellate review (see CPL 470.05[2]; People v Balls, 69 NY2d 641, 642; People v Mosquero, 128 AD3d 985). In any event, the challenged comments constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110; People v Herb, 110 AD3d 829, 831), were responsive to arguments and theories presented in defense counsel's summation (see People v Herb, 110 AD3d at 831), or were permissible rhetorical comment (see People v Ashwal, 39 NY2d at 109-110; People v Herb, 110 AD3d at 831).
The defendant was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137, 146-147).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court