People v Wright (2025 NY Slip Op 01957)

People v Wright

2025 NY Slip Op 01957

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2018-05290
 (Ind. No. 5394/16)

[*1]The People of the State of New York, respondent,
v
Cheyenne Wright, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Avshalom Yotam, and David Cao of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered February 28, 2018, convicting her of murder in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree.
The defendant's contention that the evidence was legally insufficient to support her convictions of murder in the second degree (Penal Law § 125.25[2]) and reckless endangerment in the first degree (id. § 120.25) is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of murder in the second degree and reckless endangerment in the first degree (see People v Danielson, 9 NY3d 342, 349). The evidence at trial demonstrated that the defendant acted with depraved indifference to human life when she shot indiscriminately at a crowd of people, including children (see People v Feingold, 7 NY3d 288, 294; People v Nikc, 52 AD3d 740, 740). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to murder in the second degree and reckless endangerment in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that she was deprived of the effective assistance of counsel is without merit. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that the defendant's trial counsel provided [*2]meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147), and the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668). The defendant's trial counsel presented a reasonable defense, interposed appropriate objections, and effectively cross-examined the People's witnesses. The defendant failed to demonstrate a lack of a strategic reason or other legitimate explanation for trial counsel's alleged shortcomings (see People v Jeffriesel, 209 AD3d 1034, 1036; People v Salas, 208 AD3d 1368, 1369). Moreover, the defendant's trial counsel was not ineffective for failing to advance arguments that had little or no chance of success under the circumstances (see People v Ennis, 11 NY3d 403, 415; People v Jeffriesel, 209 AD3d at 1036).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, including those raised in her pro se supplemental brief, are without merit.
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court