People v Escalona (2025 NY Slip Op 02219)

People v Escalona

2025 NY Slip Op 02219

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2018-09259
 (Ind. No. 2438/15)

[*1]The People of the State of New York, respondent,
v
Shaquille Escalona, appellant.

Patricia Pazner, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Gamaliel Marrero, Ann N. Bordley, and Jason Eldridge of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered July 25, 2018, convicting him of murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
The defendant and Ajuul Manwarring were charged with murder in the second degree (Penal Law § 125.25[3]), attempted robbery in the first degree (id. §§ 110.00, 160.15[2]), and related crimes arising out of the shooting of Aaron Parkinson and Leo Outlaw during a botched robbery, resulting in Parkinson's death and injuries to Outlaw.
Under the circumstances of this case, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence as the fruit of an unlawful stop and detention (see People v De Bour, 40 NY2d 210, 223; People v Richardson, 219 AD3d 637, 638; People v Cruz, 210 AD3d 903; People v Currie, 131 AD3d 1265). Moreover, contrary to the defendant's contention, he failed to establish that the lineup identification procedure was unduly suggestive (see People v Delgado, 221 AD3d 909, 909; People v Salcedo, 209 AD3d 678, 679).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620), it was legally sufficient to establish the defendant's guilt of murder in the second degree when considered in light of the Supreme Court's charge as given without exception (see People v Sala, 95 NY2d 254, 260). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on that count, as charged to the jury, was not against the weight of the evidence (see People v Johnson, 10 [*2]NY3d 875, 878; People v Romero, 7 NY3d 633, 644).
The defendant's contention that he was deprived of a fair trial by various comments made by the prosecutor during summation is mostly unpreserved for appellate review, as, with respect to the majority of the challenged comments, the defendant failed to object to the comments, made only general objections, failed to request curative instructions, and did not timely move for a mistrial on the specific grounds now claimed (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Balls, 69 NY2d 641, 642; People v Miller, 229 AD3d 724, 725-726). In any event, the defendant's contention is without merit (see People v DiValentino, 154 AD3d 872, 873). Most of the challenged comments made by the prosecutor during summation constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110; People v Herb, 110 AD3d 829, 831), were responsive to arguments presented in defense counsel's summation (see People v Gross, 88 AD3d 905, 906), or were permissible rhetorical comment (see People v Ashwal, 39 NY2d at 109-110; People v Herb, 110 AD3d at 831). To the extent that some of the prosecutor's summation comments were improper, they were not so pervasive or egregious as to deprive the defendant of a fair trial (see People v Miller, 229 AD3d at 726; People v Bensabeur, 225 AD3d 891).
The defendant's contention that defense counsel's failure to preserve certain claims for appellate review constituted ineffective assistance of counsel is without merit (see People v Faustin, _____ AD3d _____, _____, 2025 NY Slip Op 01231, *2; People v Blue, 228 AD3d 951, 953). The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Maxwell, 89 AD3d 1108, 1109), and the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The defendant's contention that the count of the indictment charging him with criminal possession of a weapon in the second degree is unconstitutional, in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), is unpreserved for appellate review, since he did not raise a constitutional challenge before the Supreme Court (see People v Cabrera, 41 NY3d 35, 41-51; People v Sargeant, 230 AD3d 1341, 1354-1355; People v Chase, 223 AD3d 913, 913). In any event, the Bruen decision "had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Manners, 217 AD3d 683, 686; see People v Sargeant, 230 AD3d at 1355; People v Chase, 223 AD3d at 913).
The defendant's contention that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment is unpreserved for appellate review (see CPL 470.05[2]; People v Pena, 28 NY3d 727, 730; People v Zitrenbaum, 231 AD3d 1064) and, in any event, without merit. Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 83).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court