People v Green (2025 NY Slip Op 03082)

People v Green

2025 NY Slip Op 03082

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2014-11701
 (Ind. No. 3017/13)

[*1]The People of the State of New York, respondent,
v
David Green, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Trevor Cannella of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered November 20, 2014, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by the testimony of prosecution witnesses regarding their reluctance or fear to cooperate with the police, as the defendant either failed to object or raised only general objections to the testimony at issue (see CPL 470.05[2]; People v McClinton, 187 AD3d 1056, 1057; People v Byron, 68 AD3d 778, 778-779). In any event, the defendant was not deprived of a fair trial by the testimony at issue, which was relevant to explain why the witnesses initially declined to cooperate with the police (see People v Byron, 68 AD3d at 779). Moreover, the witnesses expressed only a generalized fear of being considered a "snitch" in the community, without making statements suggestive of a fear of retaliation by the defendant or an individual associated with the defendant (see People v Wilson, 123 AD3d 626).
Furthermore, the defendant's contention that he was deprived of a fair trial by various comments made by the prosecutor during summation, and questions posed by the prosecutor during cross-examination, is mostly unpreserved for appellate review, as, with respect to a majority of the challenged comments and questions, the defendant failed to object or made only general objections, failed to request curative instructions, and did not timely move for a mistrial on the specific grounds now claimed (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Escalona, _____ AD3d _____, _____, 2025 NY Slip Op 02219, *2; People v Flippen, 236 AD3d 815, 816). In any event, the challenged comments were fair comment on the evidence or permissible rhetorical comment (see People v Ashwal, 39 NY2d 105), or were responsive to arguments presented in defense counsel's summation (see People v Milburn, 226 AD3d 927, 929). Furthermore, to the extent that the challenged comments and questions were improper, they were not so pervasive or egregious as to have deprived the defendant of a fair trial (see People v Escalona, _____ AD3d at _____, 2025 NY Slip Op 02219, *2; People v Flippen, 236 AD3d at 816).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel by defense counsel's failure to preserve certain claims for appellate review (see People v Escalona, _____ AD3d at _____, 2025 NY Slip Op 02219, *2). The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Wright, _____ AD3d _____, _____, 2025 NY Slip Op 01957, *2), and the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court