People v Franklin (2025 NY Slip Op 04190)

People v Franklin

2025 NY Slip Op 04190

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-06088
 (Ind. No. 2709/16)

[*1]The People of the State of New York, respondent,
v
Cid C. Franklin, appellant.

Patricia Pazner, New York, NY (Hannah Kon of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Michael Tadros of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered April 16, 2019, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 4 years, to be followed by 2½ years of postrelease supervision. By decision and order dated July 6, 2022, this Court reversed the judgment and ordered a new trial (see People v Franklin, 207 AD3d 476). On April 25, 2024, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (see People v Franklin, 42 NY3d 157). Justice Taylor has been substituted for former Justice Zayas (see 22 NYCRR 1250.1[b]).
ORDERED that, upon remittitur from the Court of Appeals, the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 4 years, to be followed by 2½ years of postrelease supervision, to a determinate term of imprisonment of 3½ years, to be followed by 2½ years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant was convicted of criminal possession of a weapon in the second degree based on allegations that the police recovered a silver gun following a search of the basement of the home where he allegedly lived.
The defendant's contention that he was deprived of a fair trial as a result of comments made by the prosecutor during his opening statement, including the prosecutor's reference to a nontestifying witness, is unpreserved for appellate review (see CPL 470.05[2]; People v Ahmed, 173 AD3d 1058, 1059). In any event, the defendant's contention is without merit (see People v Bramble, 81 AD3d 968, 968). "Absent bad faith or undue prejudice, a trial will not be undone by a prosecutor's failure to prove every statement made in his or her opening statement" (People v Ahmed, 173 AD3d at 1059, citing People v De Tore, 34 NY2d 199, 207; see People v Romero, 7 NY3d 911, 912; People v McKnight, 72 AD3d 846, 846-847, affd 16 NY3d 43). Here, the record does not support the defendant's contention that the prosecutor acted in bad faith (see People v Duchi, 176 AD3d 968, 969; People v Carmichael, 170 AD3d 742, 743; People v Bramble, 81 AD3d at 968-969). The comments made by the prosecutor during his opening statement primarily [*2]described what the People intended to prove and properly prepared the jury to resolve the factual issues at the trial (see People v Ahmed, 173 AD3d at 1059; People v Warden, 166 AD3d 817, 819; People v Bonds, 118 AD3d 717, 719). Moreover, any prejudice to the defendant was minimized by the Supreme Court's limiting instructions to the jury to disregard any reference to the defendant's alleged possession of a weapon during a traffic altercation, subsequent to the court dismissing the count of menacing in the second degree related to that alleged possession (see People v Bender, 236 AD3d 1184, 1189, lv granted 43 NY3d 967; People v Bramble, 81 AD3d at 968-969).
The defendant's contention that the Supreme Court improvidently exercised its discretion in admitting Molineux evidence (see People v Molineux, 168 NY 264) is unpreserved for appellate review (see CPL 470.05[2]; People v Ford, 233 AD3d 891, 893; People v Duchi, 176 AD3d at 968). In any event, contrary to the defendant's contention, the challenged evidence did not constitute Molineux evidence, since it was not a prior bad act or prior uncharged crime, but rather, was "relevant to the very same crime for which the defendant [was] on trial" (People v Duchi, 176 AD3d at 968 [internal quotation marks omitted]; see People v Frumusa, 29 NY3d 364, 370) and provided a complete "'narrative of the events charged in the indictment'" as well as "'necessary background information'" (People v Anderson, 235 AD3d 993, 993, quoting People v Jones, 206 AD3d 671, 673). Moreover, any prejudice to the defendant was minimized by the court's limiting instructions (see id.; People v Taylor, 210 AD3d 807, 808).
The Supreme Court erred in admitting the defendant's arrest photograph into evidence, as identification was not an issue, and there was no other relevant purpose in admitting the photograph into evidence (see People v Diaz, 277 AD2d 325; People v Black, 117 AD2d 512). However, contrary to the defendant's contention, the photograph was not admitted for the purpose of presenting the defendant as a "scowling, mean person," but rather, to establish the change in his appearance. Under the circumstances, the error was harmless (see People v Crimmins, 36 NY2d 230; People v Diaz, 277 AD2d 325).
"[T]his Court's plenary authority to review sentences is an important responsibility to assure that sentences in given cases are not 'unduly harsh or severe under the circumstances'" (People v Pelaez, 218 AD3d 497, 499, quoting People v Janvier, 186 AD3d 1247, 1250; see People v Delgado, 80 NY2d 780, 783). "'The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence'" (People v Pelaez, 218 AD3d at 499, quoting People v Farrar, 52 NY2d 302, 305). Based upon our review of the relevant circumstances presented in this case, we exercise our discretion in the interest of justice and reduce the sentence imposed to the extent indicated herein.
IANNACCI, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court