■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE HOLLEY, Appellant. [729 NYS2d 898] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered October 9, 1996, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his identity as the shooter is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the shooter beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Ritter, J. P., Krausman, Luciano and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISHMAEL ISRAEL, Appellant. [730 NYS2d 247] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered February 22, 1999, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that a female venireperson he challenged for cause had stated during voir dire that she could not be fair (*see,* CPL 470.05 [2]). In any event, the contention is not supported by the record.

The defendant's remaining contentions are without merit. Ritter, J. P., Krausman, Luciano and H. Miller, JJ., concur.