People v Portillo (2021 NY Slip Op 04379)





People v Portillo


2021 NY Slip Op 04379


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-03868
 (Ind. No. 4488/18)

[*1]The People of the State of New York, respondent,
v
Angel Portillo, appellant.


Paul Skip Laisure, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew J. D'Emic, J.), rendered March 20, 2019, convicting him of criminal trespass in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the duration of the order of protection exceeded the maximum statutory duration because it failed to take into account the defendant's jail-time credit for the period he was incarcerated while the criminal action was pending is unpreserved for appellate review (see People v Nieves, 2 NY3d 310, 316-318; People v Flores, 178 AD3d 726). Moreover, "[b]ecause sentencing courts are in the best position to amend permanent orders of protection, the better practice—and best use of judicial resources—is for a defendant seeking adjustment of such an order to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317). Under the circumstances presented, we decline to review the defendant's unpreserved contention in the exercise of our interest of justice jurisdiction (see People v Derobertis, 191 AD3d 898; People v Flores, 178 AD3d at 726; People v Casanova, 177 AD3d 582).
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court