People v Devore (2022 NY Slip Op 00679)





People v Devore


2022 NY Slip Op 00679


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-10897
2017-10898
2017-10899
2017-10900

[*1]The People of the State of New York, respondent,
v
Tremaine Devore, appellant. (S.C.I. Nos. 616/17, 617/17; Ind. Nos. 1711/14, 1797/14)


Warren S. Landau, Cedarhurst, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Autumn S. Hughes of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from four judgments of the Supreme Court, Nassau County (Jerald S. Carter, J.), all rendered June 1, 2017, convicting him of burglary in the third degree under Superior Court Information No. 616/17, burglary in the second degree under Superior Court Information No. 617/17, robbery in the first degree under Indictment No. 1711/14, and robbery in the first degree under Indictment No. 1797/14, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that the duration of the orders of protection exceeded the maximum statutory duration because they failed to take into account the defendant's jail-time credit for the period he was incarcerated while the criminal actions were pending is unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-318; People v Portillo, 196 AD3d 605, 606). Moreover, "[b]ecause sentencing courts are in the best position to amend permanent orders of protection, the better practice—and best use of judicial resources—is for a defendant seeking adjustment of such an order to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317). Under the circumstances presented, we decline to review the defendant's unpreserved contention in the exercise of our interest of justice jurisdiction (see People v Portillo, 196 AD3d at 606; People v DeRobertis, 191 AD3d 898).
Contrary to the defendant's contention, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court