People v Grady (2022 NY Slip Op 07451)

People v Grady

2022 NY Slip Op 07451

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-08838
 (Ind. No. 1740/16)

[*1]The People of the State of New York, respondent,
v
John Grady, appellant.

Patricia Pazner, New York, NY (Ryan Miller of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Rebecca Height of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Guidice, J.), rendered June 27, 2019, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the admission of the victim's autopsy report prepared by a medical examiner through the testimony of another medical examiner employed by the Office of the Chief Medical Examiner for the City of New York, who did not prepare the report, violated his constitutional right of confrontation. This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Wu Long Chen, _____ AD3d _____, 2022 NY Slip Op 06145 [2d Dept]; People v Lancaster, 166 AD3d 807, 809). Even if the report could be deemed to include testimonial evidence (see People v Pealer, 20 NY3d 447, 453-454), we are satisfied that the evidence of the defendant's guilt, without reference to any error in the report's admission, was overwhelming, and there is no reasonable possibility that the error contributed to the defendant's conviction. Thus, any error in its admission was harmless beyond a reasonable doubt (see People v Hardy, 4 NY3d 192, 198; People v Crimmins, 36 NY2d 230, 237; People v Herb, 110 AD3d 829).
The Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial based upon testimony that the defendant had been incarcerated previously. While inadmissible, the challenged testimony was brief and immediately addressed by the court, which provided the jury with a curative instruction sufficient to dispel any prejudice (see People v Dragani, 204 AD3d 690, 691; People v Murphy, 151 AD3d 888, 889; People v Johnson, 139 AD3d 967, 975, affd 31 NY3d 942).
Further, the Supreme Court's expanded identification charge, which mirrored the model charge set forth in CJI2d(N.Y.) Identification—Witness Plus, was sufficient under the circumstances of this case (see People v Blas, 70 AD3d 846, 847).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court