People v Martinez (2023 NY Slip Op 01691)

People v Martinez

2023 NY Slip Op 01691

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-09118
 (Ind. No. 231/20)

[*1]The People of the State of New York, respondent,
v
Ruben Martinez, appellant.

Mark Diamond, Pound Ridge, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah Rabinowitz and Rebecca L. Abensur of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered November 24, 2020, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contentions that two orders of protection issued at the time of sentencing should be vacated because they failed to comply with CPL 530.13 and he was not informed of the ramifications of the orders of protection are unpreserved for appellate review, as the defendant failed to object to the orders of protection at sentencing or otherwise raise those issues before the Supreme Court (see CPL 470.05[2]; People v Sullivan, 198 AD3d 986, 987; People v May, 138 AD3d 1146, 1147). Moreover, "[b]ecause sentencing courts are in the best position to amend permanent orders of protection, the better practice—and best use of judicial resources—is for a defendant seeking adjustment of such an order to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d 310, 317). Under the circumstances presented, we decline to review the defendant's unpreserved contentions in the exercise of our interest of justice jurisdiction (see People v Devore, 202 AD3d 707; People v Portillo, 196 AD3d 605).
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court