People v Brown (2024 NY Slip Op 01019)

People v Brown

2024 NY Slip Op 01019

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2017-13013
 (Ind. No. 2850/15)

[*1]The People of the State of New York, respondent,
v
Reginald Brown, appellant.

Patricia Pazner, New York, NY (Alexis Ascher of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered November 3, 2017, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree based upon his conduct of shooting the victim, a fellow gang member, in the neck and causing his death, in apparent retribution for stealing money from another fellow gang member.
The defendant's contention that the evidence was legally insufficient to establish his identity as the shooter is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial (see CPL 470.05[2]; People v Ayala, 15 AD3d 496, 496; People v Holley, 286 AD2d 445, 445). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Danielson, 9 NY3d 342, 349; People v Mateo, 2 NY3d 383, 409-410), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Williams, 291 AD2d 576, 577). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d at 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the admission of the victim's autopsy report prepared by a medical examiner, through the testimony of another medical examiner employed by the Office of the Chief Medical Examiner for the City of New York who did not prepare the report, violated his constitutional right of confrontation is unpreserved for appellate review (see CPL 470.05[2]; People v Grady, 211 AD3d 1037, 1038). Notably, the defendant did not object to the admission of the autopsy report. In any event, even if the report could be deemed to include testimonial evidence (see People v Brown, 13 NY3d 332, 339-340), we are satisfied that the evidence of the defendant's [*2]guilt, without reference to the report, was overwhelming, and there is no reasonable possibility that any error in the admission of the report contributed to the defendant's conviction. Thus, any error was harmless beyond a reasonable doubt (see People v Hardy, 4 NY3d 192, 198; People v Grady, 211 AD3d at 1038; People v Fuller, 210 AD3d 597).
The defendant's contention that he was deprived of a fair trial by the admission of evidence that he, a witness to the shooting, and the victim were members of the same gang is without merit. The Supreme Court providently exercised its discretion in admitting the evidence of gang membership because it was inextricably interwoven with the narrative of events leading up to the shooting and provided necessary background information to explain to the jury the relationship between the defendant, the witness, and the victim (see People Vails, 43 NY2d 364; People v Jones, 179 AD3d 948, 950). Moreover, any prejudice to the defendant was outweighed by the probative value of the evidence (see People v Molineux, 168 NY 264), and the court's limiting instructions to the jury served to alleviate any prejudice resulting from the admission of the evidence (see People v Frederick, 211 AD3d 1034; People v Moore, 164 AD3d 1370, 1371).
The defendant's contention that he was deprived of a fair trial by the admission of a photograph of the victim taken several months prior to the shooting is unpreserved for appellate review (see CPL 470.05[2]; People v Smith, 163 AD3d 1005). In any event, while the admission of this photograph was improper because it was not relevant to any material fact to be proved at trial (see People v Stevens, 76 NY2d 833, 835-836), the error was harmless, as there was overwhelming evidence of the defendant's guilt, even if the photograph had not been admitted into evidence, and no significant probability exists that the error contributed to his conviction (see People v Crimmins, 36 NY2d 230, 241-242; People v Berry, 110 AD3d 1002, 1003).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court