People v Cherry (2024 NY Slip Op 01724)

People v Cherry

2024 NY Slip Op 01724

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-02630
 (Ind. No. 71402/21)

[*1]The People of the State of New York, respondent,
v
Frankie Cherry, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Avshalom Yotam of counsel; Darci Siegel on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond L. Rodriguez, J.), rendered March 23, 2022, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 257; People v Cooper, 220 AD3d 714, 714). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (People v Cooper, 220 AD3d at 714; People v Porter, 210 AD3d 911, 911).
The defendant's contentions that the order of protection issued at the time of sentencing should be vacated because it failed to comply with CPL 530.13 or modified because it failed to take into account the defendant's jail-time credit for the period he was incarcerated while the criminal action was pending are unpreserved for appellate review, as the defendant failed to object to the order of protection at sentencing or otherwise raise those issues before the Supreme Court (see CPL 470.05[2]; People v Martinez, 214 AD3d 1004; People v Portillo, 196 AD3d 605, 606). Moreover, "[b]ecause sentencing courts are in the best position to amend permanent orders of protection, the better practice—and best use of judicial resources—is for a defendant seeking adjustment of such an order to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d 310, 317). Under the circumstances presented, we decline to review the defendant's unpreserved contentions in the exercise of our interest of justice jurisdiction (see People v Martinez, 214 AD3d 1004; People v Portillo, 196 AD3d at 606).
BRATHWAITE NELSON, J.P., CHRISTOPHER, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court