People v Miller (2024 NY Slip Op 03899)

People v Miller

2024 NY Slip Op 03899

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2019-13728
 (Ind. No. 869/18)

[*1]The People of the State of New York, respondent,
v
McKinley Miller, Jr., appellant.

Warren S. Landau, Cedarhurst, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley, Autumn S. Hughes, and David Glovin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Angelo A. Delligatti, J.), rendered November 19, 2019, convicting him of aggravated sexual abuse in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Based upon the complainant's testimony, as well as, inter alia, medical testimony that her injury was unlikely to have been caused during consensual sexual intercourse, the jury convicted the defendant of aggravated sexual abuse in the first degree and assault in the third degree.
The defendant's contention that the complainant's testimony was incredible as a matter of law and, as such, the evidence was legally insufficient to support his conviction of aggravated sexual abuse in the first degree is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. However, the defendant's further contention that the evidence was legally insufficient to establish that the physical injury sustained by the complainant resulted from nonconsensual sexual intercourse is preserved for appellate review. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of aggravated sexual abuse in the first degree beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial based upon the admission of testimony that he was previously incarcerated, was a parolee, and had been incarcerated prior to trial is unpreserved for appellate review, as the defendant failed to render sufficient contemporaneous objections to this testimony on this ground or otherwise express dissatisfaction with the Supreme Court's curative instruction (see CPL 470.05[2]; People v Rose, 185 AD3d 1228, [*2]1232; People v Holmes, 47 AD3d 946; People v Allen, 135 AD2d 823). In any event, the challenged testimony was brief and immediately addressed by the court, and the court's curative instruction was sufficient to dispel any prejudice (see People v Grady, 211 AD3d 1037, 1038). The defendant contends that evidence of prior bad acts, with regard to which he contends the People should have requested a Ventimiglia hearing (see People v Ventimiglia, 52 NY2d 350, 362), was erroneously admitted. This contention is unpreserved for appellate review, as the defendant neither objected to the testimony when it was adduced nor requested a Ventimiglia ruling at that time, when the court still could have conducted a hearing (see CPL 470.05[2]). In any event, this contention is without merit (see People v Dorm, 12 NY3d 16, 19).
The defendant's contention that various comments made by the prosecutor during her opening statement and summation were improper is mostly unpreserved for appellate review, because the defendant failed to object to the remarks, made only general objections, failed to request curative instructions, and did not timely move for a mistrial on the specific grounds now claimed (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Balls, 69 NY2d 641, 642; People v Avery, 206 AD3d 1008, 1009). In any event, the defendant's contention is without merit. The prosecutor's comments made during her opening statement served to outline the evidence that the People planned to present at trial (see CPL 260.30[3]; People v Kurtz, 51 NY2d 380; People v Bensabeur, 225 AD3d 891). Furthermore, most of the challenged comments made by the prosecutor during summation constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110; People v Herb, 110 AD3d 829, 831), were responsive to arguments and theories presented in defense counsel's summation (see People v Gross, 88 AD3d 905, 906), or were permissible rhetorical comment (see People v Ashwal, 39 NY2d at 109-110; People v Herb, 110 AD3d at 831). To the extent that some of the prosecutor's opening or summation comments were improper, they were not so pervasive or egregious as to deprive the defendant of a fair trial (see People v Bensabeur, 225 AD3d 891; People v Kiarie, 198 AD3d 814, 815; People v Bethea, 159 AD3d 710, 712; People v Nanand, 137 AD3d 945; People v Roscher, 114 AD3d 812, 813).
The defendant's contention that the Supreme Court's jury charge violated his right to present a defense is without merit. The defendant failed to request the submission of any lesser included offenses to the jury and defense counsel stated that his decision not to request that the jury be charged on any lesser included offenses was strategic. Moreover, the defendant failed to object to the charge as given and, therefore, his claim of error is not preserved for appellate review (see CPL 300.50[1], [2]; People v Green, 56 NY2d 427, 430; People v Andujar, 180 AD2d 743). Furthermore, because the defendant never objected to the court's instruction to the jury to disregard the testimony pertaining to his medical condition, the defendant's contention that this charge deprived him of his right to present a defense is unpreserved for appellate review (see CPL 470.05[2]; People v Mitchell, 10 NY3d 819, 821; People v Chao, 217 AD3d 777, 779). In any event, the court had informed the parties at the start of trial that it would provide a charge, in effect, addressing the defendant's use of a neck brace and wheelchair at trial, and there was no error in the court's instruction addressing this issue (cf. People v Malloy, 262 AD2d 798, 800).
Contrary to his contentions, the defendant was not deprived of the effective assistance of counsel during the trial (see Strickland v Washington, 466 US 668, 688, 694; People v Wragg, 26 NY3d 403, 409; People v Benevento, 91 NY2d 708).
The defendant's contentions that the order of protection issued at the time of sentencing should be modified because it failed to comply with CPL 530.12 or to take into account the defendant's jail-time credit for the period he was incarcerated while the criminal action was pending are unpreserved for appellate review, as the defendant failed to object to the order of protection at the time of sentencing or to otherwise raise those issues before the Supreme Court (see id. § 470.05[2]; People v Cherry, 225 AD3d 893; People v Martinez, 214 AD3d 1004; People v Portillo, 196 AD3d 605, 606). Moreover, "[b]ecause sentencing courts are in the best position to amend permanent orders of protection, the better practice—and best use of judicial resources—is for a defendant seeking adjustment of such an order to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d 310, 317). Under the circumstances presented, we decline to review the defendant's unpreserved [*3]contentions in the exercise of our interest of justice jurisdiction (see People v Cherry, 225 AD3d 893; People v Martinez, 214 AD3d 1004; People v Portillo, 196 AD3d at 606).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court