Augustin v Formula 3 Brooklyn Inc. (2025 NY Slip Op 25229)

[*1]

Augustin v Formula 3 Brooklyn Inc.

2025 NY Slip Op 25229

Decided on October 23, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 23, 2025
Supreme Court, Kings County

Louis Max J. Augustin, REGINALD HUBERT PRINCE, PAUL ANDRE DALUS, 
 and LESLY PIERRE, Plaintiffs,

against
Formula 3 Brooklyn Inc., BARRY ITZKOWITZ, and BORIS ITZKOWITZ, Defendants.

Index No. 522188/2024

Barry Itzkowitz, defendant pro se.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 112-120,122.
Background
The complaint of Plaintiffs Louis Max J. Augustin, Reginald Hubert Prince, Paul Andre Dalus, and Lesly Pierre (collectively "Plaintiffs") in this action against Defendants Formula 3 Brooklyn Inc., Barry Itzkowitz, and Boris Itzkowitz alleges Defendants' failure to pay minimum wages, overtime compensation, and other monies required by the New York Labor Law. Pro se defendants Barry Itzkowitz and Boris Itzkowitz now purport to move jointly for leave to serve and file an amended answer pursuant to CPLR 3025 (b).

 Discussion
In its previous decision in this action, the Court noted that these pro se Defendants had introduced hallucinations and other improprieties into their papers, through the use of AI:
Here, the pro se Defendants, aided by AI, have filed numerous motions, one notably [*2]illogical. This has required both the Court and Plaintiffs' counsel to expend valuable time and energy to read Defendants' papers, confirm whether the AI system's case law is accurate, and respond. Defendants' use of AI to produce numerous motions containing nonsensical and incorrect statements is illustrative of how improper AI use impedes the legal system, a situation mirroring what transpired in Whaley.
Upon fact-checking one of Defendants' memoranda of law (in support of Defendants' seventh motion  the most extensive), at least five AI inaccuracies or "hallucinations" were found (NYSCEF Doc No. 52). This underscores the significance of compliance with the Court's rules regarding AI which have been promulgated to prevent this very situation: vast misuse of the Court's time as well as opposing counsel's, and hindrance of efficient judicial processes. It is of the utmost importance in preserving the integrity and functioning of the legal system that attorneys as well as pro se litigants not improperly use AI and comply by affirming the accuracy of the information provided to the Court.
Within Defendants' above-mentioned memorandum of law, under Point I, Defendants cite "Graziano v. County of Nassau, 202 AD3d 707, 708 (2d Dep't 2022)" (NYSCEF Doc No. 52 at 2). "Graziano" allegedly supports the proposition that "Discovery cannot resuscitate claims demolished by this conclusive evidence" (id.). However, upon review of the citation "202 AD3d 707, 708," it references not "Graziano," but the criminal case of People v Devore. As these parties are engaged in civil litigation the use of criminal case law itself is nonsensical. Further, Devore does not stand for any holding regarding discovery and is instead a Second Department affirmation of a conviction of varying degrees of burglary and robbery (see People v Devore, 202 AD3d 707 [2d Dept 2022]). No case by the name of "Graziano v. County of Nassau" appears to exist. Defendant cites the nonexistent "Graziano" once again in Point III, Section F of their argument in support of pre-discovery dismissal (see NYSCEF Doc No. 52 at 4). Additionally, Defendants' Exhibit M, which contains case law printouts, states a contradictory holding for Graziano beyond what was established in their memorandum of law (see NYSCEF Doc No. 66 at 3).
Further in Defendants' memorandum of law, Point III, Section E cites "Bellefonte Re Ins. Co., 757 F.2d 523," another improper citation (NYSCEF Doc No. 52 at 4). Defendants cite Bellefonte to support their argument that since Plaintiffs perceive Formula 3's manager Rahman as controlling the car wash operation, Defendants' liability as Plaintiffs' employer is undermined. However, Bellefonte actually held that a district court ruling granting summary judgment on behalf of a defendant for a lack of alleged fraudulent inducement was proper (see Bellefonte Re Ins. Co. v Argonaut Ins. Co., 757 F2d 523 [2d Cir 1985]).
Then, under Point IV, Section A, "Utter Futility," Defendants cite two cases which purportedly represent holdings referring to time-barred claims (see NYSCEF Doc No. 52 at 4). One of the cases, Y.A. v Conair Corp. (154 AD3d 611 [1st Dept 2017]), has no mention of time-barred claims, relevant or otherwise, and is instead a First Department case affirming the denial of a defendant's CPLR 3025 (b) motion to amend their answer due to insufficiency to state a cognizable claim. The other case is merely referred to as "Perez," and with no other identifying citation supplemented, it is impossible for the Court to locate the case, if a real case was even intended. (Augustin v Formula 3 Brooklyn Inc., 86 Misc 3d 1236[A], 2025 NY Slip Op 51113[U], *5-7 [Sup Ct, Kings [*3]County 2025].)
A sanctions hearing was scheduled and conducted by the Court. However, since Defendants Barry Itzkowitz and Boris Itzkowitz were representing themselves, the Court exercised leniency and did not impose sanctions. Nonetheless, they were chastised. Said Defendants having being forewarned about the use of AI, this Court intends to enforce its Rules provisions concerning AI, which state:
§ 15. Artificial intelligence (AI) programs. All submissions with respect to a motion must include a certification by an attorney either that no generative artificial intelligence program was used in the drafting of any affidavit, affirmation, or memorandum of law contained within the submission, or that a generative artificial intelligence program was used but all generated text, including citations, quotations, and legal analysis, was reviewed for accuracy and approved by an attorney (or the self-represented party). If the certification states a generative artificial intelligence program was used, the program must be identified and the documents which include matter generated by the program must be specified along with which parts of the documents were drafted by the program. One certification pertaining to a party's submission comprised of several such documents shall suffice. (https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml [last accessed Oct. 23, 2025].)
In their proposed amended answer, said Defendants included a "Certification Regarding Generative Artificial Intelligence." It does not comply with the Court's Rules provisions. The "Certification" states as follows:
Pursuant to the rules of the Hon. Aaron D. Maslow, Part 2, the undersigned certifies that generative artificial intelligence was used solely for drafting assistance. The document was thoroughly reviewed, edited, and approved by the undersigned, who assumes full responsibility for its contents. (NYSCEF Doc No. 115 at 3.)
This "Certification," being contained within the proposed amended answer, refers to "[t]he document." Therefore, by its own terms it does not apply to the other papers submitted, such as the notice of motion and affidavits. The quoted Rules provision requiring that the documents including AI-generated matter be specified was not complied with.[FN1]
Also, the aforesaid pro se Defendants did not identify which AI program was used.
Another aspect of the submitted papers also concerns the Court. Defendant Barry Itzkowitz, a non-attorney, wrote, "Upon review of that pleading [co-Defendant Formula 3 Brooklyn, Inc.'s answer], it became evident that the defenses and counterclaims raised therein are likewise applicable to myself and to my co-defendant, Boris Itzkowitz." By writing this, Barry Itzkowitz advocated for Boris Itzkowitz, whom the Court knows from prior appearances is his elderly father who is not familiar with litigation procedure. Barry Itzkowitz has previously been warned not to advocate on his father's behalf since it constitutes legal representation of [*4]another person by someone who is not an attorney. By including this sentence in support of his father, Barry Itzkowitz comes close to, if not actually, transgressing the prohibition against a non-attorney's representation of a party.
Moreover, the affidavits of Barry Itzkowitz and Boris Itzkowitz are both practically identical in format. It is quite evident that one prepared the other's affidavit. It is not unreasonable to suspect that Barry Itzkowitz prepared the affidavit of his father Boris Itzkowitz.
As was stated in Martins v Liu (216 AD3d 762, 763 [2d Dept 2023]),
The Judiciary Law provides that it is "unlawful for any natural person to practice or appear as an attorney-at-law or as an attorney and counselor-at-law for a person other than himself or herself in a court of record in this state . . . without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state" (Judiciary Law § 478; see Whitehead v Town House Equities, Ltd., 8 AD3d 369, 370 [2004]). "[A] person ordinarily may not appear pro se in the cause of another person or entity" (Pridgen v Andresen, 113 F3d 391, 393 [2d Cir 1997]). . . ."
Barry Itzkowitz's preparation of his father's affidavit would be improper.
Finally, CPLR 3025 (a) requires that "Any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleadings." Pro se Defendants' motion seeking leave to amend their answer does not include an identification of the changes made which would specify what remains from the previous answer and what is newly added.

Conclusion
Based on the foregoing, the motion by Defendants Barry Itzkowitz and Boris Itzkowitz for leave to amend their answer is DENIED.

Footnotes

Footnote 1:If it was intended that only the proposed amended answer be certified, then there is a lack of a certification for the other papers submitted on the motion.